UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20159-CIV-SCOLA

RODNEY G. CEANT, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

AVENTURA LIMOUSINE & TRANSPORTATION
SERVICE, INC., a Florida corporation, SCOTT
TINKLER, individually, NEIL GOODMAN,
individually, and RON SORCI, individually,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS, WITH INCORPORATED MEMORANDUM OF LAW

Defendants, Aventura Limousine & Transport Service, Inc., a Florida corporation, Scott Tinkler, individually, Neil Goodman, individually, and Ron Sorci, individually, file this Motion, and state:

### BACKGROUND

On January 13, 2013, Plaintiff filed a Complaint against Defendants Aventura Limousine & Transport Service, Inc. ("Aventura") and Scott Tinkler, Neil Goodman, and Ron Sorci ("Tinkler") on behalf of himself and other similarly situated employees. [D.E. 1]. Plaintiff alleged that the Defendants failed to pay him overtime compensation due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *Id.* ¶ 1. Plaintiff also sought liquidated damages, attorney's fees, and costs. *Id*. Plaintiff alleges that he worked at Aventura as a driver within the last three years. *Id.* ¶ 17. He also alleges that the Defendants were employers within the meaning of the FLSA and that Aventura was an enterprise engaged in commerce as defined by the FLSA. *Id*. ¶¶ 7-14. According to Plaintiff, Tinkler owned and operated Aventura and regularly exercised authority to: (1) hire and fire Aventura employees; (2) determine work schedules for Aventura employees; and (3) control finances and operations of Aventura. *Id*. ¶¶ 4-6. Plaintiff claims that the Defendants failed to compensate him at one and one-half times his regular rate of pay for all hours he worked in excess of forty hours per week. *Id*. ¶ 15. Plaintiff alleges that the Defendants' failure to pay him

overtime compensation was willful. *Id.* ¶ 30. Finally, the Complaint contains only one substantive count (for overtime compensation) pursuant to the FLSA, but contains in the *ad damnum* clause to that count requests for declaratory relief pursuant to the Declaratory Relief Act, 29 U.S.C. §§ 2201, 2202.

The Complaint should be dismissed for the following reasons: 1) under the legal rubrics that pertain to the sufficiency of complaints, the Plaintiff's Complaint merely contains legal conclusions to attempt to support some of the prima facie elements of a FLSA claim, and is devoid of supporting facts necessary to state such a claim, even though numerous courts have ruled that Plaintiff's counsel's FLSA complaints are deficient, one of which admonished him quite strongly in an opinion holding his complaints are deficient; 2) the Complaint fails to state a cause of action as to the individual Defendants; and 3) the Complaint fails to state a claim for declaratory relief, and the placement in the same count for declaratory relief and relief pursuant to the FLSA is improper. These arguments, which require dismissal of this case, will be addressed in turn.

**MEMORANDUM OF LAW**

**I.     THE LEGAL STANDARDS FOR GRANTING A MOTION FOR SUMMARY JUDGMENT AND DISMISSAL UNDER 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. Years ago, a complaint would not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appeared beyond doubt that the plaintiff could prove no set of facts that support a claim for relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982), and in reviewing a motion to dismiss, the courts were required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). Back then, only those allegations that were "well pleaded" needed to be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court did not have to accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff could not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). The Court did not have to accept factual claims that were internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations,

unwarranted deductions, or mere legal conclusions asserted by a party.  *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969).

The law pertaining to motions to dismiss has changed dramatically in the last few years. Actions may now be dismissed if they fail to be "plausible on their face" or if they fail "to raise a right to relief above the speculative level." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).  In *Cigna Corp.*, the Eleventh Circuit held that in *Twombly* (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), "the Supreme Court expressly 'retired' the 'no set of facts' pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*." *Id.*  Further, the Eleventh Circuit held that the *Twombly* Court requires that complaints contain "factual allegations [that] must be enough to raise a right to relief above the speculative level." *Id.* "The Court ultimately held that to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  The Court "held that the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).  The Court noted that "when plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In *Cigna Corp.*, the Eleventh Circuit held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.*  The Eleventh Circuit noted that the Supreme Court has recently suggested a two-prong approach to resolving motions to dismiss:  "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.*  Importantly, the Eleventh Circuit held that "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the Court to infer." *Id.*

3

## II. THIS COURT SHOULD DISMISS THE CASE BECAUSE THE PLAINTIFF HAS FAILED TO ALLEGE A CAUSE OF ACTION FOR OVERTIME UNDER THE FLSA

There are numerous published decisions applying the motion to dismiss standards to complaints brought attempting to allege FLSA claims, including at least several such decisions concerning Plaintiff's counsel's firm, and even Plaintiff's counsel himself—Mr. Celler. *See, e.g.*, *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806 (M.D. Fla.) (holding Mr. Celler's complaint did not state a claim upon which relief can be granted) (Conway, J.); *Hines v. Detail Dynamics, Inc.*, 2011 WL 1060985 (M.D. Fla.) (holding Mr. Celler's complaint did not state a claim upon which relief can be granted, and expressing frustration because the court had ruled previously that the complaint did not state a claim upon which relief can be granted) (Baker, J.); *Hines v. Detail Dynamics, Inc.*, 2010 WL 4447753 (M.D. Fla.) (holding same, and the previous decision holding that the bare legal conclusions regarding enterprise coverage and other issues did not state a claim upon which relief could be granted); *Becker v. 4M Towing, L.L.C.*, 2010 WL 3368918 (M.D. Fla.) (Plaintiff's counsel's firm Morgan & Morgan, P.A.) (Steele, J.); *McCracken v. Bubba's World, L.L.C.*, 2010 WL 3463280 (M.D. Fla.) (holding same, but in a case not involving Plaintiff's counsel) (Baker, J.); *Fraction v. Protection Consultants, Inc.*, 2010 WL 916661 (M.D. Fla.) (holding same, but in a case not involving Plaintiff's counsel) (Antoon, J.).[1] These cases held that numerous pleading flaws were in the complaints (including Mr. Celler's) which required the conclusion that the plaintiffs could not establish a prima facie case under the FLSA. Astoundingly, even after being reprimanded for filing such complaints, Plaintiff's counsel filed such a Complaint in this case. *Compare De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806 (M.D. Fla.) *with* [D.E. 1].

The United States Supreme Court recently clarified the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the Supreme Court addressed what factual allegations are necessary to survive a motion to dismiss. It explained that a

---

[1] Some of these cases dealt with whether or not a default judgment should be granted, but the courts in those cases noted that the same legal standard that applies to a motion to dismiss applies to a motion for default judgment, and many of the cases cite to Iqbal. See, e.g., *McCracken v. Bubba's World, L.L.C.*, 2010 WL 3463280 (M.D. Fla.) (citing *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806 (M.D. Fla.)). This is because a default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The allegations must be well-pleaded in order to provide a sufficient basis for the judgment

4

complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation. . . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. . . . .' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009)).

Therefore, to establish claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of acts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce. *See* 29 U.S.C. § 203(r); 203(s)(1); and 207(a)(1). The actual prima facie case for proving a FLSA claim has been recited as being that Plaintiff must demonstrate that: 1) defendant employer him; 2) defendant is an enterprise engaged in interstate commerce or plaintiff is individually covered; 3) plaintiff actually worked more than 40 hours in a workweek; and 4) defendant did not pay the plaintiff overtime wages. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Plaintiff's Complaint does not allege these elements and support same with the requisite factual basis required by *Iqbal*, and therefore the Complaint should be dismissed.

Plaintiff does not allege sufficient facts showing he or his employer was engaged in commerce or in the production of goods for commerce. To establish jurisdiction for an overtime violation under the FLSA, an employee must show either "(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage), or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage)." *Williams v. Signature Pools & Spas, Inc.,* 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (citing 29 U.S.C. § 207(a)(1)). For an employee claiming individual coverage to be "engaged in commerce" under the FLSA, he or she must be directly participating in the actual movement of

---

entered. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009).

persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.  *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2); 29 C.F.R. § 776.24).  Enterprise coverage only applies where:

> (1) The employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and
>
> (2) The employee's annual gross volume of sales is $500,000 or more.

*Dent v. Giaimo,* 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238).  District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually.  *Josendis v. Wall to Wall Residence Repair, Inc.*, 662 F.3d 1292 (11th Cir. 2011); *Sandoval v. Fla. Paradise Lawn Maint., Inc.,* 303 Fed. App'x 802, 805 (11th Cir. 2008).

Plaintiff's only allegation regarding whether he was engaged in or employed by an enterprise engaged in commerce or the production of goods for commerce is:  "At all times material hereto, Defendants were, and continue to be, an 'enterprise engaged in commerce' within the meaning of the FLSA" [D.E. 1 ¶ 10], and similar legal conclusions.  [D.E. 1 ¶ 11].  The Complaint also states "[b]ased upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods."  [D.E. ¶ 12].  The Eleventh Circuit has held that such allegations—those not based on personal knowledge—do not have to be regarded by the Court.  *Josendis v. Wall to Wall Residence Repair, Inc.*, 662 F.3d 1292 (11th Cir. 2011).  Additionally, Plaintiff alleges that he was "engaged in commerce" during his employment with Defendants."  [D.E. 1 ¶ 13].  These allegations are insufficient to establish either enterprise or individual coverage.  *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806 (M.D. Fla.). Notably, the court in *De Lotta* required Mr. Celler to perform due diligence as to whether the corporate defendant in a FLSA suit has the requisite gross revenue before he files suit, see *id.* (stating that "[c]ontrary to [Plaintiff's counsel's] objection that "[i]t is beyond the pale to suggest that *Iqbal* and *Twombly* somehow preclude victims of labor to seek redress in an Article III Court without first obtaining private financial information regarding their rogue employers in order to

plead sufficient facts that establish enterprise coverage without the benefit of discovery" (Doc. No. 29 p. 8), the Magistrate Judge simply articulates the requirements for stating a claim under the FLSA)", but it is clear that Plaintiff's counsel has chosen not to pay heed to the court's admonition, because in this case he cannot state that the Aventura for sure has gross revenues that exceed $500,000 annually.  It appears that Mr. Celler does not want to spend the time to investigate his cases before he files them because he tells people routinely that he has been involved in over 3,000 FLSA cases in his career, and his own website states that he has been involved in hundreds of FLSA cases.  See http://www.forthepeople.com/richard.celler.htm.  Mr. Celler is head of Morgan & Morgan's FLSA practice group.  To take the time necessary to investigate and perform the appropriate due diligence before filing suit would slow down Mr. Celler's business model which is a high-volume practice, which does not allow for the time to investigate any claims, but rather consists of massive advertising with support staff handling client contact and the filing of basic pleadings and discovery. *Rodriguez v. Marble Care Int'l, Inc.*, 2011 WL 918634 (S.D. Fla. 2011) (granting summary judgment in favor of defense client that defendants were not subject to the FLSA, when basic research would have revealed this before filing suit, and awarding fees in [D.E. 87]—lawsuit brought by high-volume serial filer of FLSA suits); *Ortiz v. D & W Foods, Inc.*, 657 F. Supp. 2d 1328 (S.D. Fla. 2009) (Gold, J.) (granting sanctions when a serial filer of FLSA suits failed to first propound a bill of discovery to determine whether the corporate defendant was an enterprise, and it became clear that the FLSA was not applicable).  It is not just Defendants wildly nitpicking concerning the propriety of a pleading, but rather courts have commented in great deal concerning it, as set forth below.

The courts noted in the above set of cases from the Middle District that "[i]n the past, the[y] . . . ha[d] accepted the bald allegation that a defendant was an enterprise coverage engaged in commerce and that a plaintiff was engaged in interstate commerce without supportive facts. Reevaluation of those cases in light of the clarification in *Iqbal* regarding the necessity to plead facts, not merely conclusions, requires that the Court evaluate the facts alleged in a complaint to determine whether liability has been established." *De Lotta*, 2009 WL 4349806, *5 n.1 (M.D. Fla.).

After these well-reasoned and thorough orders, it escapes undersigned counsel how Mr. Celler could have the temerity to continue to file deficient complaints in federal court—ones that are almost verbatim to the one filed in *De Lotta*.  In the *De Lotta* case, the court warned him very clearly about the nature of the allegations that he must allege in order to properly allege a FLSA claim—one would think someone who holds himself out as having litigated over 3,000 FLSA suits

Case 1:12-cv-20159-RNS   Document 15   Entered on FLSD Docket 02/13/2012   Page 8 of 16

would comprehend how to draft a legally sufficient pleading, as follows (though it appears that even the courts in the Middle District are aware of Mr. Celler's recalcitrance and obdurateness):

> [Plaintiff's counsel] repeats over and over that he should not be required to parrot the elements of an FLSA claim in order to secure entry of a default judgment in his favor. [Plaintiff's counsel's] preoccupation with hyperbolic metaphor, including an implication that the Court has a fanciful notion of justice with its 'chimerical demand' regarding pleadings and his counsel's firm's ideals apparently causes him to overlook the part of the R&R explaining that he is not to parrot legal conclusions in his complaint. Rather, he must plead sufficient facts to bring his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 579.

*De Lotta*, 2009 WL 4349806, *3 (M.D. Fla.). The Court had a lot more to say about the attitudinal adjustment that Mr. Celler so richly deserves (and it will be included herein, because the Defendants have had to spend valuable resources addressing such deficient, vague pleadings), as follows:

> The Court is in fact astounded by statements akin to advertisements for counsel's law firm, mentioned six times on a single page. This is particularly brash in light of Judge Spaulding's recent order on October 30, 2009, that counsel's firm shall undergo an administrative management review by the Law Office Management Assistance Service of the Florida Bar. The sanctions were imposed because professionals in the firm's Wage and Hour department engaged in record-keeping and billing misconduct related to FLSA cases where plaintiffs sought entry of a default judgment or approval of a settlement. Judge Spaulding's order lists previous orders that addressed work deficiencies of lawyers in that department; counsel was named several times. . . .
>
> Counsel's alleged concern for his client's case would be significantly more credible if counsel evaluated the effect of his blatant disregard for the Court's authority and changed his behavior accordingly.
>
> ***
>
> Ceant's counsel should be aware that his suggestion that this Court and/or the Magistrate Judge took too long issuing the R&R was not lost on the Court. Counsel's expectation that a court should drop everything in order to work on his client's case is outrageous. . . . The Court recommends that counsel focus on his own role in the quest for justice and not on managing the Court's calendar.

*De Lotta*, 2009 WL 4349806, n.4 (M.D. Fla.).[2]

---

[2] The Defendants are not trying to make this case personal as to Mr. Celler. Unfortunately, Plaintiff's counsel is driving up fees unnecessarily, including by the filing of such a deficient pleading. It is disconcerting that a display of audaciousness (the filing of such a deficient pleading) would continue from Mr. Celler, when he has been previously admonished by the courts regarding many of the deficiencies that are outlined in this Motion.

8

While many of the cases cited above by the Middle District emphasized the failure to properly plead enterprise coverage, it is clear that the Plaintiff's Complaint is also deficient as to damages, which is part of the prima facie case for proving a FLSA claim. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (requiring proof of the amount of overtime not paid for overtime hours worked). In fact, district courts have dismissed complaints in FLSA cases in which the damages are not fully described and calculated. *Dol v. Cielo in the Grove*, 2008 WL 2773552 (S.D. Fla. 2008) (dismissing case at the motion to dismiss stage and holding that a plaintiff must allege "actual hours worked" to state a claim under the FLSA, and must also provide the defendant with fair notice of what the plaintiff's claims actually consist of and the grounds upon which they rest) (King, J.). An employee who sues for overtime compensation under the FLSA bears the burden of proof by a preponderance of the evidence that his employer failed to properly compensate him for his completed work. *Myers v. The Copper Cellar Corporation*, 192 F.3d 546, 551 (6th Cir. 1999); *Laplante v. Terraces of Lake Worth Rehabilitation and Health Center, LLC*, 2010 WL 1462276 (S.D. Fla. 2010); *Olson v. Star Lift Inc.*, 709 F.Supp.2d 1351 (S.D. Fla. 2010). It is settled that a plaintiff must actually prove the hours that he worked and the overtime to which he is owed, week by week. *Gatto v. Mortgage Specialists of Illinois, Inc.*, 442 F. Supp. 2d 529, 534-36 (N.D. Ill. 2006) (stating that when the only evidence is plaintiff's "declaration asserting without specificity that she worked more than 40 hours per week . . . [t]hat . . . is not sufficient to create a genuine issue of fact"); *Haywood v. North Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997) (stating that "conclusory allegations and selfserving [sic] affidavits [regarding hours worked], if not supported by the record, will not" state a claim under the FLSA).

Significantly, this very district has recently held within the context of the FLSA that a plaintiff's uncorroborated and conclusory affidavit testimony regarding hours worked is insufficient to meet that plaintiff's burden of proof with respect to his or her alleged damages. *Barrera v. Valero Doral, Inc.*, 2011 WL 4443965 (S.D Fla. 2011) (citing various binding opinions in support thereof); *see also*, 29 U.S.C. §§ 206, 207 (recognizing that there is no statutory violation absent a failure to get properly paid). The procedural posture of the *Barrera* case was a ruling on a motion for default judgment. Therefore, the *Barrera* case stands for the proposition that the damages allegations and calculations must be quite detailed in order to withstand a motion to dismiss. Because the Complaint is completely devoid of such allegations, the FLSA claims must be dismissed.

### III. THE COURT SHOULD DISMISS THE CASE AS TO THE INDIVIDUAL DEFENDANTS BECAUSE IT DOES NOT STATE A CLAIM AS TO THEM

Under the FLSA, an individual corporate officer can be considered an employer.  Title 29 U.S.C. § 203(d) defines an "employer" as "any person acting directly or indirectly in the interest of the employer in relation to an employee."  29 U.S.C. § 203(d).  The Eleventh Circuit has routinely interpreted this phrase to mean that an individual employer must be a corporate officer with operational control (involved in the day-to-day operations of the business) or involved in the setting of wages in order to be an employer under the Act.  *Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160-61 (11th Cir. 2008); *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986) (citing *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)).  *See also Casseus v. First Eagle, L.L.C.*, 2008 WL 1782363 (S.D. Fla., Apr. 18, 2008).

The *Perez* case is illustrative.  In that case, the Eleventh Circuit made clear that "a corporate officer with day-to-day control . . . is an employer along with the corporation, [and is] jointly and severally liable under the FLSA for unpaid wages."  *Perez*, 515 F.3d at 1160.  The Eleventh Circuit stated that its previous precedent that it was bound to follow "made clear that in order to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee [the plaintiff].'"  *Id.*  The court further stated that

> Our decision in *Patel* is instructive.  There we held that the defendant, who was both the president and vice-president of a corporation, as well as a director and a principal stockholder, was not an employer for FLSA purposes.  We reached that conclusion because he did not 'have operational control of significant aspects of [the company's] day-to-day functions, including compensation or employees or other matters in relation to an employee.'

*Id.*  The Complaint is completely deficient concerning any facts which support the bare legal conclusions that the individual Defendants are individually liable as officers with day-to-day operational control over the business or having direct responsibility over the Plaintiff.  As such, *Iqbal* requires that the Complaint be dismissed as to Defendants Tinkler, Goodman, and Sorci.  The Complaint merely alleges in conclusory fashion (as to each individual Defendant) that the individual Defendants "owned and operated ALTS, and who regularly exercised the authority to: (a) hire and fire employees of ALTS; (b) determine the work schedules for the employees of ALTS; and (c) control the finances and operations of ALTS."  (*Complaint* ¶¶ 4-6).  These allegations are

10

conclusory and in any event do not directly address the legal standard for individual liability under the FLSA.

### IV. THE COURT SHOULD DISMISS THE CLAIM FOR DECLARATORY RELIEF, BECAUSE THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION.

#### A. Procedural Deficiencies

The Plaintiff's Complaint violates the one-claim-per-count rule set forth in Federal Rule of Civil Procedure 10(b). In one substantive count, the Plaintiff brings multiple claims against all Defendants, which violates Rule 10(b). The Plaintiff brings claims against all Defendants ostensibly pursuant to two different statutes and two different causes of action, overtime under the FLSA (the title of the count) and declaratory relief under the Declaratory Relief Act (clearly alleged in the *ad damnum* clause). Accordingly, these claims should be dismissed.

In *Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*See also Cesnick v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997) and *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995). Defense counsel shares this experience, and notes that the problem is particularly acute in employment cases. Indeed, it is not uncommon for a plaintiff to attempt to conflate numerous and disparate legal theories into single counts. For example, a count for racial discrimination in violation of 42 U.S.C. § 1981 will include assertions of failure-to-promote as well as language suggesting "disparate treatment." If a plaintiff desires to assert discrimination arguing both theories, he or she must assert them as separate counts. The same is true with respect to factual allegations. Plaintiffs often detail facts and occurrences spanning an entire employment history, and then incorporate that factual recitation reference by reference, wholesale, into every count of the complaint. Such "shotgun" pleading imperils the fundamental principles of due process.

In the instant case, the Plaintiff's Complaint contains multiple claims in one count, as noted above, because relief pursuant to two statutes is requested. Accordingly, the Plaintiff's Complaint should be dismissed.

### B. <u>Substantive Deficiencies</u>

It is a well-settled principle of law that in order to be eligible for relief from an action in equity, a party must show the absence of an adequate remedy at law, and accordingly, since an action for declaratory relief is equitable in nature, the claim should be dismissed. *Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000) (finding that plaintiff was ineligible for declaratory relief because he had an adequate remedy at law); *Sibley v. Lando,* 437 F.3d 1067 (11th Cir. 2005) (finding same). Concerning the declaratory relief that the Plaintiff seeks, the Plaintiff has adequate remedies at law. For example, whether an employer-employee relationship existed between the parties is part of the Plaintiff's prima facie case that he must prove under the FLSA. 29 U.S.C. § 207(a); *Freund v. Hi-Tech Satellite, Inc.*, 2006 WL 1490154, *1 (11th Cir. 2006). Other declarations that the Plaintiff seeks from this Court are all issues that will need to be litigated and resolved as part of the Plaintiff's FLSA claim if the Plaintiff is to prevail on such issues, including: whether the Plaintiff worked more than forty (40) hours in a week without being properly compensated, whether Defendant kept accurate time records, whether Defendant had a legal duty to pay the Plaintiff overtime wages pursuant to the FLSA and failed to do so, whether the Defendants' acts were in violation of the FLSA, whether the Defendants have a good faith defense, whether Plaintiff is entitled to an award of overtime wages and liquidated damages, and whether Plaintiff is entitled to an award of reasonable attorney's fees, costs, and pre-judgment interest. [D.E. 1, page 6 *ad damnum* clause]. If the Plaintiff is to prevail on his FLSA claim, these are declarations that the Plaintiff will receive in the form of Court orders which decide such issues. The issuance of Court orders on such issues is more appropriate than the issuance of general declaratory relief because the former will be appropriately limited to this plaintiff in this lawsuit for the purposes of the FLSA, whereas the latter may be intentionally misused and dangerously extended to completely different contexts (see discussion herein regarding workers' compensation purposes, tax purposes, common law purposes, future lawsuits, and future plaintiffs). Presumably, this is the very reason why the Plaintiff seeks such declaratory relief.

Plaintiff's Complaint sets forth a claim for declaratory relief. [D.E. 1, page 6]. The Court's authority to grant declaratory relief under 28 U.S.C. § 2201 is discretionary, and requires, for standing purposes, that the declaration will pertain to the absence of a present right to ensure there is a case or controversy. *Snyder v. Glen Lakes P'ship, Ltd.,* 2011 WL 2881843 (M.D. Fla. 2011). The Plaintiff's Complaint makes it clear that the Plaintiff is no longer employed by the Defendants. [D.E. 1, ¶ 18] (stating in the past tense that "[a]t various times during his employment, Plaintiff

worked") (emphasis added); [D.E. 1, ¶ 19] (stating in the past tense that "throughout Plaintiff's employment and beyond, Defendants failed to compensate") (emphasis added).  In light of the fact that the Plaintiff is no longer employed, there is a clear absence of a "present right."  *See Snyder*, 2011 WL 2881843 at *1.  This is significant because the "absence of a present or future connection to the defendant employer is highly relevant to the analysis of whether the Court should exercise its discretion to award declaratory relief." *Id.*  In *Snyder*, the Court ultimately concluded that the plaintiffs could allege a declaratory relief claim in addition to the FLSA claim; but noted that it would consider dismissing the declaratory relief claim as "superfluous" if certification of the class action was denied. *Id.*  This is a settled legal rubric.  *Jenkins v. United States*, 386 F.3d 415, 417-18 (2d Cir. 2004) (holding that declaratory relief is not to be entertained "where a ruling is sought that would reach far beyond the particular case.  The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them.  Where the relief sought would not resolve the entire case or controversy as to any [party] . . . but would merely determine a collateral legal issue governing certain aspects of . . . pending or future suits, a declaratory judgment action falls outside the constitutional definition of a 'case' in Article III.").

In light of his recent litigation history, Plaintiff's counsel is well aware of the fact that class certification is wholly inappropriate in this case, precisely because one of the key issues in this case is whether the Plaintiff is an exempt employee under the Motor Carrier Act.  *Demauro v. Limo, Inc.*, 2011 WL 9191 (M.D. Fla. 2011) (denying Mr. Celler's attempt to form a collective action pursuant to § 216(b) in a FLSA case involving limousine drivers because there was an issue in the case as to whether the drivers were independent contractors or employees, because such an inquiry is inherently individualistic, which is similar to the motor carrier exemption).  In a similar context, courts have held that "[t]his necessarily individualized assessment eviscerates all notions of judicial economy that would otherwise be served by conditional class certification." *Demauro*, 2011 WL 9191 at *4.  Thus, given that class certification is not warranted in the instant case, the Plaintiff's claim for declaratory relief here is indeed superfluous of the FLSA claim, and should be dismissed accordingly.

Furthermore, a demand for declaratory relief does not, by itself, create the requisite controversy required by Article III of the Constitution to exercise jurisdiction." *Jenkins v. United States*, 386 F.3d 415, 417-18 (2d Cir. 2004).  Such claims are properly dismissed when "the remedy

sought is a mere declaration of law without implications for practical enforcement upon the parties." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange Inc.,* 24 F.3d 427, 431 (2d Cir. 1994) (quoting *Browning Debenture Holders' Comm. v. Dasa Corp.,* 524 F.2d 811, 817 (2d Cir. 1975)); *see also Nashville, C. & St. L.R. Co. v. Wallace,* 288 U.S. 249, 262 (1933) (stating that "valuable legal rights [must] . . . be directly affected to a specific and substantial degree"). In other words, "[w]here the relief sought 'would not resolve the entire case or controversy as to any [party] . . . , but would merely determine a collateral legal issue governing certain aspects of . . . pending or future suits,' a declaratory judgment action falls 'outside the constitutional definition of a 'case' in Article III.'" *Jenkins v. United States,* 386 F.3d 415, 418 (2d Cir. 2004) (quoting *Calderon v. Ashmus,* 523 U.S. 740, 747 (1998)). Otherwise, "[s]uch a declaration seemingly would verge on the status of an advisory opinion, which, of course, no federal court is empowered to deliver." *S. Jackson & Son, Inc.,* 24 F.3d at 431 (citing *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)).

In light of the Plaintiff's Complaint, the Plaintiff presumably (though it is not clear from the Complaint) wants this Court to issue a declaration that the manner in which he was paid is unlawful under the FLSA. The same impropriety applies to future FLSA lawsuits that Plaintiff's counsel may file pertaining to completely different individuals, or even additional plaintiffs that may be added to this lawsuit, as illustrated above by *Demauro v. Limo, Inc.*, 2011 WL 9191 (M.D. Fla. 2011). This is especially true when considering that the FLSA bars injunctive relief by a private party. *Powell v. State of Florida,* 132 F.3d 677 (11th Cir. 1998) (recognizing that "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor"). Thus, issuing declaratory relief in the instant case is not only improper, but given the circumstances, could also be extremely dangerous and misleading. Since it is in the form of injunctive or equitable relief, the *Powell* case should serve as authority to prevent a court from declaring under the Declaratory Relief Act that an individual's rights were violated under the FLSA, even if the declaration is limited to the FLSA.

In essence, the Plaintiff is asking the Court to issue declarations of rights [D.E. 1] without any practical implications whatsoever, which, as stated above, is improper. *Jenkins v. United States,* 386 F.3d 415, 418 (2d Cir. 2004). Furthermore, such declaratory relief will undoubtedly be used for collateral issues which govern aspects of future lawsuits, or various other legal claims, and which would supplant a jury's finding, if the jury were to find that the Plaintiff was paid properly that the Plaintiff and others may wish to assert in contexts other than the present one. [D.E. 1]. Thus, the declaratory relief sought falls outside of the Article III jurisdiction of this Court, and the

issuance of such relief is impermissible.  Furthermore, the section of the Plaintiff's Complaint pertaining to declaratory relief is notably drafted in an intentionally vague matter with respect to the intentions behind seeking such relief and/or the purpose that it will be used for.  [D.E. 1].

Furthermore, as noted *supra,* the Plaintiff does not currently work for the Defendants (*see* [D.E. 1]), and therefore, he is without standing to seek declaratory relief from this Court on behalf of any alleged "similarly situated individuals," especially that other individuals who worked during different time periods should be characterized as employees.[3]  This is particularly true given the individualized nature of the analysis (discussed above) to be used in order to determine whether such individuals are exempt under the motor carrier exemption.  *Demauro v. Limo, Inc.*, 2011 WL 9191, *3 (M.D. Fla. 2011). To do so constitutes nothing more than the issuance of an advisory opinion, which this Court is not empowered to deliver.  *S. Jackson & Son, Inc.,* 24 F.3d at 431 (citing *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)).  Thus, the Plaintiff's entire claim for declaratory relief should be dismissed accordingly.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Richard Bernard Celler, Esq. and Jason Scott Coupal, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> Glasser, Boreth & Kleppin
> Attorneys for Plaintiff
> 8751 W. Broward Blvd.
> Suite 105
> Plantation, FL 33324
> Tel.  (954) 424-1933
> Fax  (954) 474-7405
> E-mail:  Glabor@aol.com
>
> By___s/Chris Kleppin_____

---

[3] Hence, the named Plaintiff would not be an appropriate class leader for the purposes of declaratory relief in any event.

                                              Chris Kleppin
                                              Fla. Bar No. 625485

C:/MyDocuments/AventuraLimo-Ceant/DefMtoDismiss02/19/12