UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 12-20159-Civ-SCOLA

**RODNEY CEANT, on his own behalf and all similarly situated individuals,**

    Plaintiff,

v.

**AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., a Florida corporation, SCOTT TINKLER, individually, NEIL GOODMAN, individually, and RON SORCI, individually,**

    Defendants.

## PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure as well as the Local Rules for the Southern District of Florida, Plaintiff, Rodney Ceant, files his Response to Defendants' Motion to Dismiss and states as follows:

### INTRODUCTION

1. On January 13, 2012, Plaintiff filed his seven (7) page Complaint, on behalf of himself and others similarly situated, alleging violations of the Fair Labor Standards Act (FLSA) for Defendants' failure to properly compensate Plaintiff for his overtime hours. [D.E. #1].

2. Defendants have been sued on this issue no less than six (6) times by different drivers on claims arising from violations of the FLSA. During these prior cases, Defendants' principals testified under oath during deposition and/or trial, and made numerous admissions regarding FLSA enterprise coverage and individual liability. These

prior admissions under oath, formed a significant basis for Plaintiff's pre-suit investigation into this matter and the resulting allegations.[1]

3. Plaintiff's Complaint contains explicit and detailed factual allegations, including Plaintiff's position with Defendants and the specific deficiencies in Defendants' pay practices. *See id.* at ¶¶17-21.

4. Likewise, Plaintiff's Complaint also includes specifics as to powers that each of the individual Defendants exercised at Aventura Limousine and Transportation Services, Inc. *See id.* at ¶¶4-6. The specific allegations against each individual Defendant are specifically what the case law interpreting individual liability under the FLSA requires.

## MEMORANDUM OF LAW

The Parties in this case agree that the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007), *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), and the Eleventh Circuit opinions interpreting the law for purposes of the FLSA control this issue. *See Secretary of Labor v. Labbe*, 319 Fed.Appx. 761 (11th Cir. 2008); *Morgan v. Family Dollar Stores,* 551 F.3d 1233 (11th Cir. 2008). The Parties strongly disagree, however, as to the sufficiency of the Complaint allegations pled in this matter. As discussed in more detail below, Plaintiff maintains that the four (4) corners of his Complaint go well beyond the pleading requirements articulated by the Supreme Court and the Eleventh Circuit, and therefore state viable claims upon which relief should be granted. Accordingly, Defendants' Motion should be denied.[2]

### I. PLAINTIFF COMPLAINT CLEARLY ALLEGES A VIABLE CAUSE OF ACTION UNDER THE FLSA.

While pleading standards have become stricter over the years, the Eleventh Circuit has made clear that the requirements to state a claim under the FLSA remain straightforward. *Secretary of Labor v. Labbe*, 319 Fed.Appx. 761, 763 (11th Cir. 2008). In

---

[1] Defendants go to great lengths to suggest that Plaintiff did no pre-suit investigation. Respectfully, Defendants neglected to consider that the pleadings and other filings in their prior suits, combined with numerous admissions, and documents filed on the PACER system provided a wealth of information allowing counsel to complete their investigation before filing.

[2] Despite their contentions to the contrary, it is clear that Defendants have turned their Motion into nothing but a personal attack on Mr. Celler. While a Motion to Dismiss should be based on the four (4) corners of the Complaint, Mr. Celler is individually named and attacked no less than fourteen (14) times in Defendants' Motion. Defendants even cite to Mr. Celler's website. Regardless of this fact, Plaintiff will not "swing at pitches in the dirt," and will instead, limit his Response to the substantive issues relevant to Defendants' Motion to Dismiss.

order to plead an FLSA claim, Plaintiff must only allege: (1) an employment relationship; (2) individual or enterprise coverage under the FLSA; and (3) that plaintiff worked over 40 hours in a workweek but was not paid overtime. *Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). A plaintiff's claims need not be overly detailed but merely sufficient to state a claim under the FLSA. *See Anish v. National Securities Corp.*, 2010 WL 4065433 *2 (S.D. Fla. 2010) (rejecting defendant's demand for specific hours that were owed and rates of pay, the court found that plaintiff's general allegations that he was an employee covered by the FLSA, that defendant failed to pay him time-and-a-half as well as minimum wages, and that Defendant was an enterprise engaged in interstate commerce was sufficient).

Here, Plaintiff has explained the nature of his relationship with Defendants, has made detailed allegations of both individual and enterprise coverage, and has affirmatively stated that he worked over 40 hours but was not paid any overtime during his employment with Defendants. *See* [D.E. #1] at 12-17, 19-20, 26. This information gives Defendants fair notice of Plaintiff's claims, especially since Plaintiff has gone beyond just these three minimal pleading requirements. *See Anish*, 2010 WIL 4065433 *2.

### A. There is Evidence of an Employment Relationship

Defendants do not seem to dispute the fact that Plaintiff has made a sufficient showing as to the relationship between the Parties. Because there is no issue of misclassification in this matter, the nature of the Parties' employee-employer relationship is obvious and there is no question as to the first prong of this analysis.

### B. Plaintiff Properly Alleged Coverage Under the FLSA.

Plaintiff has likewise demonstrated enterprise coverage under the FLSA. Plaintiff alleged that he is entitled to the protections of the FLSA under both individual and enterprise coverage. *See id.* at ¶¶10-14.

Defendants contend that allegation number 12 of Plaintiff's Complaint is insufficient because it states: "[b]ased upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods." *See* Motion at pg. 6. Of course, this district, however, has found such an

3

allegation to be valid at this stage of the pleading process. *See Moreno v. Ferretti Group of America, LLC*, 2011 WL 4499031 (S.D. Fla. 2011)(finding that a complaint alleging $500,000.00 in annual income coupled with allegations of interstate commerce to be sufficient to establish enterprise coverage).

Further, it is well settled that allegations in Plaintiff's Complaint must be taken as true at this stage in the proceedings.[3] *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir.1992) (citing *Robertson v. Johnston,* 376 F.2d 43 (5th Cir.1967)). Therefore taking this allegation as true and coupling it with Plaintiff's other allegations as far as involvement in interstate commerce (transporting passengers as a limousine driver), Plaintiff has made a sufficient showing. *See Gonzalez v. Unidad of Miami Beach, Inc.,* 2011 WL 2983671 *2 (S.D.Fla. 2011). To the extent that Defendants rely on the *DeLotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806(M.D.Fla. 2009) and its discussion of similar language, this analysis is misplaced given that the court in *DeLotta* was assessing the complaint's allegations in the context of a Motion for Default Judgment, not for purposes of a Motion to Dismiss. As such, the standard and discussion in *DeLotta* do not apply.[4] *See Joseph v. Nuno, Inc. II,* 2008 WL 2726918 *1(S.D.Fla. 2008)(court ruled that a cited by defendant, which addressed the default judgment standard, was inapplicable when the court is analyzing sufficiency for a Motion to Dismiss).

In order to show that he is individually covered under the FLSA, Plaintiff need only prove "that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Servs.,* 448 F.3d 1264, 1266 (11th Cir.2006); *see also* 29 U.S.C. § 207(a)(1) (2005). Again, Plaintiff has alleged that he was

---

[3] To the extent that Defendants rely upon *Josendie v. Wall to Wall Residence Repair, Inc.,* 662 F.3d 1292 (11th Cir. 2011), their reliance is misplaced as that decision was addressing the sufficiency of affidavits filed in support of a motion for summary judgment, not the allegations in a complaint pursuant to a Motion to Dismiss.

[4] Contrary to Defendants' position that Plaintiff did not conduct due diligence as far as Defendants' gross revenues, Plaintiff, prior to filing his Complaint, ensured that Defendants do, in fact, meet the threshold requirement of at least $500,000.00 annually. In fact, Defendants' gross income, which was in excess of one million dollars ($1,000,000.00) in its first year of operation in 1992, exceeded seventeen million dollars ($17,000,000.00) in 2008. *See* Andrew Amerikaner, *Aventura Limo Service Rated Tops in U.S.*, MiamiHerald.com, April 5, 2008, attached as Exhibit 1, as obtained from the Aventura Worldwide Transportation Services website (www.aventuralimo.com). It is disingenuous for Defendants to suggest that their income does not meet the requisite threshold when they well know that it exceeds that amount by over $16,000,000.00

engaged in commerce as a driver transporting Defendants' clients. *See* [D.E. #1] at ¶¶13, 17. There is no question by virtue of the work he was performing, Plaintiff was engaged in commerce and thus protected by the FLSA. As such, Plaintiff has more than met his burden to show coverage in his pleadings.

        **C.**     **Plaintiff's Complaint Adequately Pleads a Violation of the FLSA.**

Contrary to Defendants' musings, Plaintiff not only includes the time frame within which he worked overtime and was not paid overtime, but he specifically alleges that he was not properly paid for all hours worked in excess of forty hours. *See id.* at ¶¶17-21. Further, Plaintiff outlines how the calculations of Plaintiff's overtime were improper. *See id.* at ¶20. At this stage of the pleading process, these facts are all he needs to allege. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)(facts detailed in a complaint need only raise the right to relief beyond speculation but need not be detailed). Respectfully, it appears that Defendants have confused the standard at this pleading stage in the proceedings, with a summary judgment or more detailed standard, based on the cases cited in their Motion. Unlike what a court is looking for in considering a default judgment or a motion for summary judgment, the Plaintiff need only include a short and plain statement of the facts. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The information contained in the Complaint more than satisfies the requisite showing. *See* [D.E. #1] at ¶¶17-21, 25-26.

        **II.**     **THERE IS SUFFICIENT INFORMATION TO SUPPORT A CLAIM AGAINST EACH OF THE INDIVIDUAL DEFENDANTS.**

It would be one thing if Plaintiff's Complaint simply said "Scott Tinkler, Neil Goodman, and Ron Sorci are employers." If that were the case then Defendants' Motion would be well-founded. However, that clearly is not the case here. To the contrary, Plaintiff's Complaint specifically alleges that each of the gentlemen named as parties exercised specific powers demonstrating their status as individual employers under the FLSA -- namely the ability to hire and fire, the ability to determine work schedules, and the ability to control the finances and operations of the company. *See* [D.E. #1] at ¶¶4-6. Indeed, in the Eleventh Circuit, simply alleging someone is a corporate officer with operational control is enough. *See Evan's v. Seasons Café, Inc.*, 2009 WL 1066928 *2 (M.D.Fla. 2009). Here, Plaintiff has gone beyond a mere allegation of operational

5

control and enumerated specific duties that signify that the individual Defendants are each employers as defined by the FLSA.[5] *See Griffin v. Phil's Auto Body,* 2010 WL 5393491 (S.D. Fla. Dec. 21, 2010)(finding individual liable under the FLSA where, like here, he engaged in each of the foregoing duties alleged).

### III. PLAINTIFF IS ENTITLED TO THE DECLARATION HE SEEKS.

The right to declaratory relief in FLSA cases has consistently been recognized by courts throughout the United States.[6] *See Kreher v. City of Atlanta*, Georgia, 2006 WL 739572 (N.D.Ga. 2006)(police officers seek additional count for declaratory judgment in addition to overtime claim); *see also Biggs v. Wilson*, 828 F.Supp. 774 (E.D. Cal. 1991); *Tierney v. Schwiker*, 718 F. Supp. 2d. 449, 457 (D.C. Cir. 1983); *Salazar-Martinez v. Fowler Brothers, Inc.*, 2011 WL 915675 (W.D.N.Y. March 15, 2011) (holding that Plaintiff's claim for declaratory relief may proceed in an FLSA case). *Puleo v. SMG Property Management, Inc.,* Case No.: 6:08-cv-86-Orl-22DAB, 2008 WL 3889727 (M.D. Fla. 2008); *McAllister v. Southwest Signal Co.*, Case No. 8:10-cv-02742 Doc. 12 (M.D. Fla. Jan. 24, 2011).

Defendant argues that Plaintiff's claim for declaratory relief would serve no "useful purpose" since Plaintiff has an "adequate remedy" at law and because Plaintiff is a former employee. However, Defendant ignores the fact that Plaintiff filed this lawsuit as a collective action under 29 U.S.C. § 216(b), and other similarly situated employees (current or former) are eligible to join this lawsuit. A judicial determination that Defendant's pay policies violate the FLSA would certainly be useful to Plaintiff and potentially other employees (both past and present) and who are also owed additional

---

[5] Defendants also admitted the foregoing factors during their depositions in prior identical matters. See Deposition of Scott Tinkler dated November 15, 2011 in *Schatt v. Aventura Limosuiine and Transportation Service, Inc., Scott Tinkler* at 7:23-10:15 - Attached hereto as Exhibit 2; Deposition of Neil Goodman dated November 8, 2007 in *Padjuran v. Aventura Limosuiine and Transportation Service, Inc., Neil Goodman* at 114:20-115:2 – Attached hereto as Exhibit 3; Deposition of Ron Sorci in *Schatt v. Aventura Limousine and Transportation Service, Inc.* dated November 21, 2011 at 6:17-24, 7:13-8:2, 60:10-17 – Attached hereto as Exhibit 4.

[6] To the extent that Defendants attempt to argue against declaratory relief because of the "Motor Carrier Exemption", such arguments are both premature and inapplicable here. Not only is this not a Motion for Conditional Certification, but a claim of such an exemption would in no way be a bar to any of the relief that Plaintiff has sought at this stage or even in a Motion for Certification. *See Kreher v. City of Atlanta,* 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006)

wages.[7] Such a determination serves a useful purpose in this case and promotes the FLSA's public policy of paying employees for all hours worked.

Plaintiff has sufficiently stated a claim for declaratory relief under the Declaratory Judgment Act. Section (a) of Plaintiff's "WHEREFORE" clause cites the applicable statute, makes clear the specific declaration that he seeks, *and* it is a part of the Complaint as a whole, which outlines the underlying facts supporting his request. As such, this plea for relief should be allowed to proceed as well.

WHEREFORE Plaintiff, Rodney Ceant and those similarly situated, request that the Court DENY Defendants' Motion to Dismiss and allow this matter to move forward as alleged in Plaintiff's Complaint.

Respectfully submitted this 27th day of February, 2012.

        Morgan & Morgan, P.A.
        6824 Griffin Road
        Davie, Florida 33314
        Tel: (954) 318-0268
        Fax: (954) 333-3515
        Email: Sschulman@forthepeople.com

        By: /s/ STACEY SCHULMAN
            Stacey Schulman, Esq.
            Florida Bar No.: 557595

*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        **/s/ STACEY SCHULMAN**
        Stacey Schulman

---

[7] Defendants attempt to argue that there needs to be an individualized inquiry in this matter for each of the drivers to determine whether there has been a violation and that's also why declaratory relief cannot be granted. Given that all drivers were paid the same way (i.e. – without accounting for the non-discretionary income into the overtime wages paid), this argument is nonsensical. Defendants' pay practice is the same across the board for all "employee drivers" like Plaintiff and therefore a finding for one would apply to all.