UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20159-Civ-SCOLA

RODNEY G. CEANT,

    Plaintiff,

vs.

AVENTURA LIMOUSINE
& TRANSPORTATION
SERVICE, INC et al.,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss [ECF No. 15], filed by Defendants Aventura Limousine & Transportation Service, Inc. ("Aventura Limousine"), Scott Tinkler, Neil Goodman, and Ron Sorci (collectively, "Defendants"). The Court finds the Complaint should be dismissed without prejudice because the Plaintiff has not sufficiently alleged individual and enterprise coverage under the Fair Labor Standards Act ("FLSA"). The Motion is therefore granted in part.

### Statement of Facts[1]

This dispute arises from Plaintiff Rodney Ceant's employment with Defendant Aventura Limousine. The individual Defendants, Scott Tinkler, Neil Goodman, and Ron Sorci, are alleged to be joint employers based on their ownership of Aventura Limousine, their control of the company's finances and operations, their authority to hire and fire its employees, and their authority to determine employee work schedules. According to the Complaint, Ceant worked as an hourly-plus-commission paid driver for Aventura Limousine, beginning in April 2010. At various times during his employment, Ceant allegedly worked more than forty hours per week, but was not paid for such work at the required rate of time and one-half his regular pay. Specifically, Ceant complains that his employers failed to properly "account for all hours worked

---

[1] The Court draws these facts from the Complaint and assumes their truth, for purposes of deciding this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012).

by [him] and others" and failed to "include [his] commissions, gratuities, and other non-discretionary income" in calculating his regular rate of pay.  Compl. ¶ 20.  Ceant alleges that these derelictions run afoul of the FLSA and were committed willfully by his employers.  The Complaint is brought as a collection action under the FLSA on behalf of other similarly situated employees who were likewise not properly compensated for overtime.  In his demand for relief, Ceant asks to be awarded the overtime compensation he is due, liquidated damages in an equal amount, reasonable attorney's fees and costs, and pre-judgment interest.  Ceant also includes a prayer for a declaration, under the Federal Declaratory Relief Act, 29 U.S.C. §§ 2201 and 2202, "that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA."  Compl. at 6.

## Motion to Dismiss

Defendants move to dismiss, arguing that the Complaint is devoid of essential supporting facts and offers nothing but legal conclusions.[2]  According to Defendants, the allegations do not satisfy the standards set forth by the Supreme Court in *Twombly* and *Iqbal*.

In this regard, Defendants first argue that Ceant has not sufficiently alleged the existence of either individual or enterprise coverage under the FLSA, particularly as to whether the interstate commerce element is satisfied by the work conduct of Ceant or his employers.  They also take issue with the allegation, "on information and belief," that Aventura Limousine meets the gross revenues requirement for enterprise coverage of $500,000 annually.  Second, Defendants argue that Ceant has not adequately set forth his damages, including the hours for which he was allegedly not properly paid and the manner and method of his damages calculations.  Third, Defendants contend that dismissal as to Tinkler, Goodman, and Scorci is required because Ceant has not alleged sufficient facts to hold them liable as joint employers under the FLSA.  Fourth, Defendants argue that the request for declaratory relief should be

---

[2] Defendants devote substantial energy, and pages, to attacking Ceant's now-former counsel for such insufficient pleading when, according to Defendants, counsel should know better based on his extensive FLSA practice and his experience in other cases where his allegations were deemed deficient.  Mot. at 7-8.  Defendants characterize it as "disconcerting" that counsel would continue in "a display of audaciousness" when counsel "has been previously admonished by the courts regarding the many deficiencies that are outlined in this Motion."  *Id.* at 2.  These arguments do not resonate with the Court.  This is a motion to dismiss, not a motion for sanctions.  As such, Defendants would do better to focus on the specific ways in which the Complaint is lacking, legally and factually, rather than concerning themselves with counsel's supposed failings.  These latter musings only detract from the Defendants' better arguments.

stricken because Ceant has an adequate remedy at law under the FLSA and has no present right to a declaration from the Court.  Finally, in reply, Defendants argue that Ceant has not properly alleged he was an "employee," versus an "independent contractor," of Aventura Limousine, a determination governed by the "economic realities" of the employment relationship.

## **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must therefore articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*   Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal.  *See Twombly*, 550 U.S. at 555.  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed.  *See Twombly*, 550 U.S. at 557.  "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element."  *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted).   "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556.

**Legal Analysis**

The Court finds that the allegations are, in most respects, sufficient to withstand dismissal. Yet, because Ceant has not adequately alleged individual or enterprise coverage under the FLSA, the Complaint must be dismissed with leave to amend.

> **I.**   **FLSA Individual & Enterprise Coverage**

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298; *see also* 29 U.S.C. § 216(b). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made one of two ways. *Id.* First, an employee may claim "individual coverage" if he regularly and directly participates in the actual movement of things or persons in interstate commerce. *Id.* Second, an employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; ***and*** (2) has gross volume sales or business of at least $500,000 annually. *Id.*

Here, Ceant attempts to assert both individual and enterprise coverage by alleging that his employers are "an 'enterprise engaged in commerce' within the meaning of [the] FLSA"; that they are "an enterprise engaged in the 'production of goods for commerce' within the meaning of the FLSA"; that "upon information and belief," his employers had gross annual revenues in excess of $500,000 during the relevant time periods; that Ceant was both "engaged in commerce" and "engaged in the 'production of goods for commerce' and subject to the individual coverage of the FLSA." Compl. ¶¶ 10-14. These are the only allegations relating to whether Ceant is "covered" by the FLSA.

Defendants argue that these allegations do not satisfy *Twombly* and *Iqbal* and are not sufficient to plead individual or enterprise coverage under the FLSA. Ceant has not alleged facts showing either type of coverage; his allegations are mere conclusions, they say. This is particularly true, Defendants argue, as to Ceant's allegation on "information and belief" that Aventura Limousine has gross revenues exceeding $500,000 annually. Ceant responds that his allegations are sufficient to withstand dismissal, as pleading coverage under the FLSA is not onerous.

While Ceant is correct in principle, the Court finds that he has not properly pled either individual or enterprise coverage here. The primary problem is that the Complaint provides no factual allegations about the nature of Ceant's work or the nature of Aventura Limousine's business. Although Ceant alleges he worked as a driver, *see* Compl. ¶ 17, nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation services Aventura Limousine provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required. *See, e.g.*, *Perez v. Muab, Inc.*, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) ("Plaintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.") (citation omitted). In amending, Ceant shall set forth the nature of Aventura Limousine's business and precisely what he did in the course of his employment, taking care to explain how Aventura Limousine's business, and his work for the company, connects to interstate commerce.

To be clear, the Court rejects Defendants' call for super detailed factual allegations as to every facet of FLSA coverage. Courts have rejected these arguments before. *See Burton v. Hillsborough Cnty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) (rejecting call for heightened pleading under FLSA; such claims require compliance with Rule 8 only); *Frazier v. Cummings Leasing, Inc.*, 2007 WL 2225965, at *2 (M.D. Fla. Aug. 2, 2007) (Morris, J.) ("there is no heightened pleading requirement when alleging overtime wage claims under the FLSA"). While *Twombly* and *Iqbal* have certainly raised the bar for notice pleading, they do not demand "detailed factual allegations." *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. A simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that

required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."); *see also McDonald v. Kellogg Co.*, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009) ("federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim")..

Thus, to properly allege individual or enterprise coverage, Ceant need not do much. Aside from stating the nature of his work and the nature of Aventura Limousine's business, he must provide only straightforward allegations connecting that work to interstate commerce. *See Kinzer v. Stelling*, 2012 WL 1405694, at *2-*3 (M.D. Fla. Mar. 28, 2012) (Spaulding, J.) (FLSA coverage properly stated where complaint alleged that defendant operated retail gas station, convenience store, and car repair shop and sold gasoline and other items that had traveled in interstate commerce); *Gonzalez v. Unidadof Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (Huck, J.) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA"); *Schlinsky v. Action Video Prods., Inc.*, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010) (Cohn, J.) (same); *Roberts v. Caballero & Castellanos, PL*, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (Moore, J.) (FLSA coverage adequately pled by allegations that the employer engages in interstate commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business).

The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. Defendants contend that dismissal is required because Ceant's former counsel "cannot state that [Aventura Limousine] for sure has gross revenues that exceed $500,000 annually." Mot. at 7. Plainly, Ceant need not know for certain, nor prove, that Aventura Limousine has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his. *See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008) (Merryday, J.) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not

provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted). Here, Ceant has alleged that Aventura Limousine's gross annual revenues meet this threshold on "information and belief," and that is enough. *See Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145, at *2 (M.D. Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); *Roberts*, 2010 WL 114001, at *3 (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal); *cf. Vierra v. Sage Dining Servs., Inc.*, 2010 WL 4867557, at *3 (M.D. Fla. Nov. 23, 2010) (Hernandez Covington, J.) ("[Plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000."). If such allegation is false, Aventura Limousine may use the information in its possession to obtain early summary judgment on this issue. *See Roberts*, 2010 WL 114001, at *3 ("These issues, especially the extent of [defendant's] gross sales, are issues more appropriately determined at the summary judgment stage.").

## II.     Overtime Calculations & Damages

The Court finds that Ceant has sufficiently alleged damages in this action. The Complaint alleges that Defendants hired Ceant as an hourly-plus-commission driver in April 2010; that he worked in excess of forty hours per week on various occasions during his employment; and that Defendants failed to compensate him and those similarly situated at the required rate of time and one-half his regular rate of pay for all hours worked in excess of forty hours per week. Compl. ¶¶ 17-19. The Complaint provides further particularity as to the manner in which Defendants allegedly failed to properly compensate Ceant and those similarly situated – namely, that Defendants failed to include commissions, gratuities, and other non-discretionary income in calculating the regular rates of pay. *Id.* ¶ 20.

Defendants attack these allegations, and Ceant's failure to provide more detailed information as to his alleged damages, by arguing that "a plaintiff must actually prove the hours that he worked and the overtime to which he is owed, week by week." Mot. at 9. Defendants also cite to *Barrera v. Valero Doral, Inc.*, 2011 WL 4443965 (S.D. Fla. Sept. 12, 2011) (Moore, J.), for the proposition that "a plaintiff's uncorroborated and conclusory affidavit testimony regarding hours worked is insufficient to meet that plaintiff's burden of proof with respect to his or her alleged damages." Mot. at 9. Defendants insist *Barrera* is instructive

because the decision was in the context of a motion for final default judgment, which is governed by a standard substantially similar to Rule 12(b)(6). Mot. at 9. According to Defendants, "the *Barrera* case stands for the proposition that the damages allegations and calculations must be quite detailed in order to withstand a motion to dismiss." *Id.*

This line of argument is misguided and premature. The Court agrees with Ceant's observation that "Defendants have confused the standard at this pleading stage in the proceedings, with a summary judgment or more detailed standard[.]" Resp. at 5. Indeed, the cases cited by Defendants, several of which are from outside this Circuit, concern what is required for the plaintiff to prevail at summary judgment or trial. *See Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (appeal after bench trial); *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC*, 2010 WL 1462276 (S.D. Fla. Apr. 13, 2010) (Marra, J.) (bench trial); *Olson v. Star Lift, Inc.*, 709 F. Supp. 2d 1351 (S.D. Fla. 2010) (Martinez, J.) (bench trial); *Gatto v. Mortg. Specialists of Ill., Inc.*, 442 F. Supp. 2d 529, 534-36 (N.D. Ill. 2006) (summary judgment); *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997) (appeal after summary judgment).[3] Those holdings have no bearing on what allegations are required at the motion to dismiss stage.

As for the *Barrera* case, while it is true that similar standards do apply in default judgment and Rule 12(b)(6) cases, that is simply a reflection of the fact that one cannot obtain a default judgment where one's allegations fail to state a claim. *See, e.g.*, *Intelsat Corp. v. Multivision TV LLC*, 2010 WL 5437261, at *2 (S.D. Fla. Dec. 27, 2010) (Altonaga, J.) ("A default judgment cannot rest on a complaint that fails to state a claim."). But the similarities end there. In order to obtain final default judgment in a case for money damages, the plaintiff must also submit detailed affidavits, or other evidence, showing the particular amounts to which he is entitled. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985) ("Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts.") (citation omitted); *Banks v. SFRC Med. Dep't Officials*, 2011 WL 900544, at *4 (S.D. Fla. Feb. 25, 2011) (White, J.) ("although liability may be established without proof

---

[3] Notably contrary to Defendants' argument here, the Sixth Circuit Court of Appeals in *Myers* stated that "[o]ften, the plaintiff can prove his or her 'under-compensation' damages [in FLSA cases] through discovery and analysis of the employer's code-mandated records," 192 F.3d at 551, which furthers the point that the plaintiff's allegations at the pleading stage need not be ultra detailed.

based upon the well-pleaded allegations of the complaint, the plaintiff has the burden of proving the amount of damages to be awarded"). The problem in *Barrera* was not the plaintiff's damages allegations in the complaint; rather, it was the inadequacy of proof of damages in the default judgment motion, and the disparity between the calculations in the motion and the plaintiff's much lesser calculations in her earlier statement of claim. *See Barrera*, 2011 WL 4443965, at *1. At the motion to dismiss stage, the plaintiff need not prove up his damages, as he is not seeking an award of a sum certain at that point in the litigation.

Here, Ceant's allegations relating to damages are sufficient to avoid dismissal. *See Dobbins*, 2012 WL 601145, at *3. "In so holding, the Court rejects Defendant's argument that Plaintiff must plead the precise number of hours worked and applicable pay rates to state an FLSA claim." *See Anish v. National Securities Corp.*, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010) (Marra, J.). Between the allegations in the Complaint and Ceant's Amended Statement of Claim [ECF No. 17], Defendants have enough information in their possession to know the basis of Ceant's claims and to properly prepare a defense. *See Dobbins*, 2012 WL 601145, at *3. Moreover, Ceant has represented in his Amended Statement of Claim that he will provide an updated account of his damages and calculations upon receipt in discovery of the necessary payment records – records that the Defendants currently hold, but he does not.

### III.   Joint Employer Status

The Court finds that the individual Defendants should not be dismissed from the case at this stage; the Complaint's allegations are sufficient to state a claim against them as joint employers under the FLSA. Defendants argue that the Complaint should be dismissed as to Tinkler, Goodman, and Sorci because it is "completely deficient concerning any facts which support the bare legal conclusions that the individual Defendants are individually liable as officers with day-to-day operational control over the business or having direct responsibility over the Plaintiff." Mot. at 10. This Court disagrees.

"A Plaintiff may seek to sue an individual employer or multiple employers in a FLSA case," as the statute "contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *Kendrick v. Eagle Int'l Group, LLC*, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (Marra, J.). The statutory definition of "employer" is quite broad and "encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an

employee.'" *See Josendis*, 662 F.3d at 1298 (quoting 29 U.S.C. § 203(d)). The Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *See Josendis*, 662 F.3d at 1298.

"In determining whether a party is an employer, courts have long assessed the economic reality of the relationship between the employee and the alleged employer." *Baltzley v. Berkley Group, Inc.*, 2010 WL 3505104, at *3 (S.D. Fla. Sept. 3, 2010) (Altonaga, J.). "The economic reality test suggests an employee-employer relationship may exist where the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Id.* "Whether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008).

Here, Ceant has alleged that each of the individual Defendants are owners and operators of Aventura Limousine and that each of them regularly exercised authority to hire and fire employees, determine employee work schedules, and control the finances and operations of the company. Compl. ¶¶ 4-6. In *Baltzley*, the district court addressed nearly identical allegations, finding them sufficient to withstand dismissal. The plaintiff had alleged that each of the individual defendants "owned and operated" the defendant corporations and that they each "regularly exercised the authority to: (a) hire and fire employees of [the corporations]; (b) determine the work schedules for the employees of [the corporations]; and (c) control [the corporations'] finances and operations[.]" *See Baltzley*, 2010 WL 3505104, at *2. In finding such allegations sufficiently pled, the district court remarked:

> While the allegations lack creativity and are repetitive, they do present a plausible claim – each Individual Defendant is an FLSA employer – supported by factual assertions: each of the Individual Defendants regularly performed acts of hiring and firing, setting work schedules, and controlling operations and finances of the various Corporate Defendants. The facts alleged go directly to establishing "operational control," which is necessary to bring the Individual Defendants under the FLSA definition of "employer." The allegations also reflect a modicum of individuation as to the Individual Defendants, and ultimately, provide the Individual Defendants with legally sufficient notice. At this early stage of litigation, nothing more is required.

*Id.* at *3. That analysis is instructive here. Following *Baltzley* and other Florida district court decisions addressing similar allegations, the Court therefore finds the Complaint sufficient to state a claim against Tinkler, Goodman, and Sorci as joint employers under the FLSA. *See Stewart v. Sterling Tech. Solutions, LLC*, 2010 WL 4647135, at *2 (M.D. Fla. Oct. 12, 2010) (Baker, J.); *Arean v. Cent. Fla. Inv., Inc.*, 2011 WL 6026703, at *2 (M.D. Fla. Dec. 5, 2011) (Hernandez Covington, J.); *Baltzley*, 2010 WL 3505104, at *3; *Roberts*, 2010 WL 114001, at *4.

## IV. Declaratory Relief

The Court finds that the prayer for declaratory relief need not be dismissed or stricken from the Complaint. In the "WHEREFORE" clause of the Complaint, Ceant seeks from the Court a declaration, pursuant to the federal Declaratory Judgment Act, "that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA." Compl. at 6. Defendants contend that the request for declaratory relief should be dismissed because it is not pled as a separate count, seeks relief that is duplicative of the issues to be litigated under the FLSA, and is unavailable to Ceant as a former employee. Defendants also argue that declaratory relief could be "extremely dangerous and misleading" because Ceant's now-former counsel may try to misuse a declaration that Defendants violated the FLSA in future lawsuits. Mot. at 14.

These arguments fail to persuade. The federal Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Court's authority to grant declaratory relief under 28 U.S.C. § 2201 is discretionary. *Altman v. Lifespace Cmtys., Inc.*, 2012 WL 414826, at *6 (S.D. Fla. Feb. 8, 2012).

Here, the Court finds no basis to dismiss or strike the single prayer for a declaration that Defendants violated the FLSA as to Ceant – an outcome that will in any event become clear upon adjudication of the FLSA claim. If the case is conditionally certified, whether Defendants violated the FLSA as to any other similarly situated employees would likewise be part-and-parcel to determination of the FLSA claim. In other FLSA cases, courts have allowed analogous requests for declaratory relief to remain, whether or not superfluous. *See Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp. 2d 1359, 1361-62 (S.D. Fla. 2007) (Huck, J.); *see also Snyder v. Glen Lakes P'ship, Ltd.*, 2011 WL 2881843, at *1 (M.D. Fla. July 19, 2011)

(Moody, J.); *Puleo v. SMG Prop. Mgmt., Inc.*, 2008 WL 3889727, at *2 (M.D. Fla. Aug. 20, 2008) (Conway, J.).  This Court sees no reason to hold otherwise.

The Court also rejects the suggestion that Ceant must plead the request as a separate count in the Complaint.  "While it may well be preferable to plead different theories of recovery in separate counts, it is not required. Nor is there any requirement that they be pleaded in separate paragraphs."  *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1247 (11th Cir. 2004).  In this case, the declaration that Ceant seeks is directly tied to the FLSA claim, and is appropriately included in the prayer for relief section of the Complaint.

### V.     Employment Relationship

Finally, the Court rejects the suggestion that Ceant has not adequately alleged he is an "employee" under the FLSA.  According to Defendants, Ceant must allege the elements of the "economic realities" test, which is used to determine whether an individual is an employee or independent contractor, as well as sufficient facts supporting employee status under that test.  Reply at 7.

First of all, this argument is not properly before the Court because Defendants raised it for the first time in their reply memorandum.  Courts tend not to consider such arguments.  *See, e.g.*, *Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir. 2012) ("The district court had no obligation to consider an argument raised for the first time in the reply brief."); *see also Foley v. Wells Fargo Bank, N.A.*, 2012 WL 1003504, at *3 (S.D. Fla. Feb. 17, 2012) (Dimitrouleas, J.); *Flamenbaum v. Orient Lines, Inc.*, 2004 WL 1773207, at *14 (S.D. Fla. July 20, 2004) (Altonaga, J.).

Even if considered, however, the argument is unavailing.  Ceant has alleged he was an employee that worked for Defendants.  Compl. ¶¶ 8, 16-17.  To the extent Defendants contend otherwise, the proper course is to raise independent contractor status as an affirmative defense and seek to establish that fact during the litigation.  A plaintiff is not required to negate the possibility of independent contractor status in order to avoid dismissal.  *See Burton*, 181 F. App'x at 840 (plaintiff not required to negate application of FLSA exemption, which is an affirmative defense, in the complaint); *Roberts*, 2010 WL 114001, at *3 (plaintiff need not plead "allegations that rebut [the employer's] defense that she was an independent contractor"; the independent contractor exemption is "outside the scope of what the Court may consider on a motion to dismiss").

Nor is he required to provide allegations proving that he is an employee under the "economic realities" test. *See id.* This line of argument is better suited for resolution at a later time, perhaps on motion for summary judgment. *See Moreno v. Ferretti Group of Am., LLC*, 2011 WL 4499031, at *2 (S.D. Fla. Sept. 27, 2011) (Cooke, J.) ("The issue of whether [plaintiff] was an independent contractor is a factual inquiry that is improper at this stage of the proceedings."); *Padjuran*, 500 F. Supp. 2d at 1363 n.1 ("On summary judgment or at trial, Defendants may ultimately prove that Plaintiff was, in fact, an independent contractor and not an employee.").

## Conclusion

For the reasons explained herein, the Defendants' Motion to Dismiss [ECF No. 15] is **GRANTED IN PART**. The Complaint is dismissed, with leave to amend. In amending, Ceant must provide sufficient allegations as to enterprise and individual coverage under the FLSA, as outlined above. In all other respects, the Complaint is adequately pled. Ceant has now retained new counsel, following the withdrawal of his former counsel. *See* Notice of Attorney Appearance by Brian Lee Lerner [ECF No. 59]. Accordingly, he shall have until **July 9, 2012** to file an Amended Complaint, consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida on June 27, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record
U.S. Magistrate Judge Bandstra